UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ADAM BENHAM § | |
| § | |
| v. § | CIVIL NO. 4:24-CV-484-SDJ |
| § | |
| FIVE POINT DENTAL § | |
| SPECIALISTS, INC., ET AL. § | |

# MEMORANDUM OPINION AND ORDER

Dr. Adam Benham sold his orthodontics practice, Benham Orthodontics, P.A., to Five Point Dental Specialists, Inc. ("Five Point"). Now he wishes he hadn't. Although Benham resigned his positions as an officer and director of Benham Orthodontics at the time of the sale, he continued to practice as an employee under Five Point, the new owner. Suffice it to say, following the sale things did not go well between employee Benham and new owner Five Point. Ultimately, Benham and Five Point sued each other in Texas state court, asserting a slew of state-law causes of action against each other ranging from breach of contract and fraud to trespass and threats of bodily injury and assault. *See* (Dkt. #2–1). After the state court consolidated the parties' dueling lawsuits, Benham and two of his related business entities removed the consolidated cases to this Court. (Dkt. #1); *see also* (Dkt. #2) (amended removal notice). Benham claims that federal question jurisdiction exists and therefore removal was proper. (Dkt. #2).

Before the Court is Five Point's Emergency Motion to Remand. (Dkt. #9). Five Point contends that these consolidated cases must return to the originating state court because this Court lacks jurisdiction. The Court agrees and the motion will be

1

granted. The parties' claims and counterclaims turn on Texas law and perhaps aspects of Delaware law. No federal question is presented in Five Point's live petition and there is no objectively reasonable basis for Benham's assertion of federal question jurisdiction. For this reason, the Court will award attorney's fees to Five Point under 28 U.S.C. § 1447(c).

## I.

When Benham sold his orthodontics practice to Five Point, the parties executed several agreements that are at the center of their dispute. Benham conveyed non-clinical assets together with certain goodwill and naming rights in an Asset Purchase and Contribution Agreement ("APA") with Five Point.[1] Benham also conveyed his entire ownership interest in the practice to Dr. Jeremy Lustig and Dr. Andrew Young, as reflected in a Share Transfer Agreement and stock power certificates completed at the time of the sale. In return, Benham received five million dollars in consideration as well as additional "earn-out" compensation payments. (Dkt. #2–1, Ex. A). Benham also executed a Letter of Resignation reflecting his voluntary resignation from all officer or director positions he held with Benham Orthodontics. However, Benham continued his orthodontics practice as an employee, executing an Orthodontist Employment Agreement with Benham Orthodontics.

Apparently, the relationship between Benham and Five Point quickly deteriorated after the sale. Without addressing the details of the parties' factual

---

[1] The APA was between and among Buyers Five Point and FPDS Benham Sub, LLC ("Benham Sub"), and Sellers Benham Orthodontics and Benham. The parties' transactions also included Benham obtaining an ownership interest in Benham Sub.

allegations, Benham broadly asserts that Five Point undertook actions that harmed Benham financially and professionally, which included Five Point's alleged failure to pay Benham substantial sums of money owed under the parties' agreements. For its part, Five Point maintains that Benham behaved unreasonably in a number of ways, including making financial demands unsupported by the parties' contractual arrangements and ultimately engaging in unprofessional and threatening conduct that jeopardized the ongoing operations of Benham Orthodontics. The parties' dispute came to a crisis in recent months, and both sides filed lawsuits in Texas state court.

In his petition, Benham asserts a litany of Texas common-law causes of action against Five Point, Benham Sub, and Benham Holdco (collectively referenced herein as "Five Point"). Benham asserts claims for breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, conversion, and unjust enrichment. Benham also asks for relief under several Texas statutes, including the Texas Theft Liability Act, Texas' Declaratory Judgment Act, and various provisions of the Texas Business Organizations Code. Benham asserts no claims under federal law. Similarly, in its live petition, Five Point asserts several causes of action against Benham, BPOA, and Benham Orthodontics and Associates, P.A. (collectively referenced as "Benham").  Virtually all of Five Point's claims arise under Texas common law, including claims for trespass, threats of bodily assault or injury, breach of contract, tortious interference with existing and prospective contracts and business relationships, and a request for a constructive trust and accounting. Five Point also asserts one claim under Delaware law, specifically for an alleged violation of the

3

Delaware Uniform Trade Secrets Act. Significantly, Five Point makes no claim under federal law and does not invoke any federal statute or regulation.

In its remand motion, Five Point asserts that removal was improper because there is no federal question present on the face of the complaint and there is no other basis for federal question jurisdiction.[2]

## II.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)) (internal quotation marks omitted). Thus, when a plaintiff sues in state court, a defendant can remove the suit to federal court under 28 U.S.C. § 1441(a) only if the plaintiff could have filed the suit in federal court under a jurisdiction-granting statute. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)). The party removing the case to federal court bears the

---

[2] Five Point has also argued that removal was inappropriate because none of the removing parties is a Defendant. (Dkt. #9). This assertion appears to be incorrect. Removing parties BPOA and Benham Orthodontics & Associates, PA are not Plaintiffs in the state action brought by Dr. Benham, but they are Defendants in the state action brought by Five Point. Thus, it's unclear why they are referenced in some of the state court documents as "third-party defendants." A third-party defendant is a defendant who is brought into a case *by an original defendant*. Because both BPOA and Benham Orthodontics & Associates, PA were directly sued by Five Point in the state action in which Five Point and its related entities are Plaintiffs, it appears that these Defendants had standing to remove these consolidated matters. In any event, because the Court concludes that there is no federal question jurisdiction in this case, it need not further address the standing issue. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("[T]here is no unyielding jurisdictional hierarchy.").

burden of showing that removal was proper and federal jurisdiction exists. *Zeitler as next friend of Arvizo v. CNH Am., LLC*, No. 6:18-CV-508-RWS-KNM, 2019 WL 3806073 at *2 (E.D. Tex. Apr. 2, 2019). "As such, all 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

One such jurisdiction-granting statute that allows removal is 28 U.S.C. § 1331, which gives federal courts subject-matter jurisdiction over all claims "arising under" federal law. To determine whether a claim arises under federal law, courts apply the well-pleaded complaint rule, which provides that federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). In cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction"—for example, if it becomes apparent that no federal question is presented on the face of the plaintiff's complaint—the federal court must remand the case to state court. 28 U.S.C. § 1447(c).

### III.

This case was improperly removed. Generally, under the well-pleaded complaint rule, a case does not arise under federal law, and thus is not removable, if the complaint does not affirmatively allege a federal claim and instead asserts only state-law causes of action. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10,

103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). As the Fifth Circuit has explained, "[t]he well-pleaded complaint rule precludes a plaintiff from predicating federal jurisdiction on an anticipated federal defense to his claim." *La. Indep. Pharm. Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022). Likewise, a defendant cannot remove an action to federal court "unless the plaintiff pleaded a federal question on the face of his complaint." *Id.*; *see also Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("It is not sufficient for the federal question to be raised in the answer or in the petition for removal.").

Here, Five Point's live petition, its first amended petition, does not allege any federal claim. To the contrary, Five Point asserts only Texas common law claims and a single claim based on Delaware law. *See supra* Part I; (Dkt. #2–1). Nor does Five Point's petition invoke any federal statute or regulation. Under the well-pleaded complaint rule, there is no federal question jurisdiction and no basis for removal.

Benham's attempts to evade the well-pleaded complaint rule fail. In his response to the remand motion, Benham points to Five Point's breach-of-contract claim and notes that Five Point alleges he breached the APA by, among other things, failing to provide certain "Acquired Assets," including "trademarks," "copyrights," "patents," and "patent applications." (Dkt. # 14). Although Benham's response is not a model of clarity, he appears to believe that an alleged failure to convey trademarks, copyrights, or patents, in breach of an agreement, somehow turns a state common-law claim for breach of contract into a federal claim under patent, copyright, or trademark law. It does not. Indeed, even when a plaintiff brings state-law claims that

6

implicate federal law, "those claims cannot alone sustain federal jurisdiction." *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022). Five Point's APA claim, which *does not* implicate federal law, remains a state-law breach-of-contract claim. Likewise, there is no "trademark infringement" claim in this case. No such claim has been asserted by Five Point or any other party.

Benham also suggests that Five Point's affirmative claims "attempt to restrict the First Amendment rights of Benham and violate the rules of the Federal Trade Commission and HIPPA [sic]." (Dkt. #2) (apparently referencing HIPAA, the Health Insurance Portability and Accountability Act of 1996). This assertion appears to contemplate potential defenses to Five Point's claims grounded in Benham's constitutional rights or in federal statutory law or regulations. Any such defensive positions or counterclaims that Benham may adopt, however, do not create federal question jurisdiction. A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 . . ., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Caterpillar*, 482 U.S. at 393 ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint,

and even if both parties concede that the federal defense is the only question truly at issue.").[3]

Finally, to the extent Benham maintains that Five Point's claims somehow raise a significant federal issue that creates federal jurisdiction under the *Grable* doctrine, this argument also fails. In *Grable*, the Supreme Court recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). The doctrine applies only to a "special and small" category of cases, "typically a state-law claim premised on some component of federal law." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (quotation omitted). When, as here, any alleged "federal issue" is raised as a defense, it does not appear on the face of Five Point's complaint and *Grable* does not apply.

For all of these reasons, federal question jurisdiction is plainly absent and Benham's removal was improper. The case must be remanded.

## IV.

When a case is remanded, the court may order the removing party to pay "just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has clarified that, absent unusual

---

[3] *See also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient."); *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir.1989) ("The fact that a federal defense may be raised to the plaintiff's action, even if both sides concede that the only real question at issue is created by a federal defense, will not suffice to create federal question jurisdiction.").

circumstances, courts may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). This inquiry should take into consideration "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

Benham lacked an objectively reasonable basis for seeking removal. Indeed, the removal of this case appears frivolous to the Court. No federal claims were asserted by any party in this case, including Five Point, and no federal statutes, regulations or standards are invoked or even referenced in Five Point's petition. There is no reason to believe that a federal question is presented in this case, and Benham's arguments to the contrary are, put generously, spurious. Therefore, the Court will award attorney's fees to the Five Point parties.

## V.

For the foregoing reasons it is **ORDERED** that the Five Point parties' Emergency Motion for Remand, (Dkt. #9), is **GRANTED** and this action is hereby immediately **REMANDED** to the 471st Judicial District Court of Collin County, Texas.

It is further **ORDERED** that the Benham parties must pay the Five Point parties' attorney fees associated with the motion to remand.

9

It is further **ORDERED** that the Five Point parties must submit a brief regarding the fees incurred in connection with the removal of this case no later than **June 17, 2024**. The Benham parties may respond no later than **July 1, 2024**.

**So ORDERED and SIGNED this 4th day of June, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE