UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ADAM BENHAM | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-484-SDJ |
| | § | |
| FIVE POINT DENTAL | § | |
| SPECIALISTS, INC., ET AL. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Five Point Dental Specialists, Inc., FPDS Benham Sub, LLC, FPDS Benham Holdco, LLC, and Benham Orthodontics, PA's (collectively, "Five Point") Corrected Motion for Attorneys' Fees, (Dkt. #18), wherein Five Point requests $22,646.50 in attorney's fees. For the following reasons, the Court concludes that the motion should be granted in part. Five Point will be awarded $16,045.50 in attorney's fees.

### I. BACKGROUND

Benham originally filed this action in Texas state court, alleging various state-law claims related to the sale of his orthodontics practice to Five Point. Benham also conveyed his entire ownership in the practice to Dr. Jeremy Lustig and Dr. Andrew Young in exchange for five million dollars and additional "earn-out" compensation. Benham resigned as an officer within Benham Orthodontics but continued practicing there as an employee. Relations between Benham and his new employers eventually soured. As a result of the dispute, Behnam and Five Point filed dueling lawsuits in state court which were consolidated into a single action.

1

Following consolidation, Benham and two of his related business entities removed the consolidated case to this Court claiming that federal question jurisdiction was present and removal was proper. (Dkt. #2). Five Point filed a motion to remand, arguing that removal was improper. (Dkt. #9). The Court granted Five Point's motion, remanded the case to the 471st Judicial District Court of Collin County, Texas, and awarded attorney's fees because Benham lacked an objectively reasonable basis for removal. (Dkt. #15). As directed by the Court's order, Five Point now files a Motion for Attorney's Fees, (Dkt. #18), requesting an award of $22,646.50 incurred in connection with Benham's removal.

## II. LEGAL STANDARD

Courts use the lodestar method to calculate reasonable attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011); *CHU de Quebec-Universite Laval v. DreamScape Dev. Grp. Holdings, Inc.*, No. 4:21-CV-182-SDJ, 2023 WL 2746933, at *6 (E.D. Tex. Mar. 31, 2023). The lodestar is the product of "the number of hours reasonably spent on the case by an appropriate hourly rate in the community for similar work." *Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F.Supp.3d 772, 788 (E.D. Tex. 2023). After calculating the lodestar, courts consider the twelve *Johnson* factors to determine whether the lodestar should be adjusted. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); *CHU de Quebec*, 2023 WL 2746933, at *6.

2

In calculating attorney's fees, the Court's goal "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). "The Court is also an expert on reasonableness of fees and may use its own experience in deciding a fee award." *Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F.Supp.3d 892, 904 (E.D. Tex. 2017).

### III. DISCUSSION

Five Point, in its Corrected Motion for Attorney's Fees, utilized the lodestar method and the *Johnson* factors to calculate its request—$22,646.50 in attorney's fees. (Dkt. #18). In support of its request, Five Point submitted its detailed contemporaneous billing history and an affidavit to establish the rates and hours used in the lodestar calculation. (Dkt. #18-1, #18-2). The hourly rates used to calculate the lodestar were $455 for associate Dallas Flick (who billed 7.1 hours) and $550 per hour for partners Matthew Muckleroy and Camille Avant (who billed 4.7 hours and 18.6 hours, respectively), totaling $16,045.50. (Dkt. #18-2). Five Point requests an upward departure of $6,601—$1,601 for a proposed fee enhancement and $5,000 in estimated costs incurred in preparation of the motion for attorney's fees. (Dkt. #18 at 5–6).

Benham's response asserts three objections to Five Point's request. One, the scope of Five Point's request;[1] two, Five Point's lodestar; and three, Five Point's proposed upward adjustment. (Dkt. #19).

---

[1] Benham argues that Five Point requests fees for legal work outside the scope of what this Court ordered because it included fees incurred from the time the case was initially removed to federal court up to when this Court remanded the case. (Dkt. #19 at 3). However, Benham misunderstands the Court's order. Five Point was awarded "fees associated with the

3

**A. The Lodestar**

    **1. Reasonableness of Requested Rate**

In calculating the lodestar, Five Point requests rates of $550 for Avant and Muckleroy and $455 for Flick. Benham contests the reasonableness of these rates because Five Point fails to establish that they are "commensurate with those charges by other attorneys in the Eastern District with similar qualifications." (Dkt. #19 at 4). Because Benham challenges Five Point's requested rates, Five Point "bears the burden of establishing that the requested fees are reasonable." *Griffin*, 680 F.Supp.3d at 788. "In determining reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates in the relevant legal community." *Id*. at 789 (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)).

In support of its motion, Five Point provides the declaration of Avant and an itemized billing record detailing the hourly rate of each attorney and time spent on each task. (Dkt. #18-1, #18-2). Avant, who is a partner at Crawford, Wishnew & Lang PLLC, stated in her declaration that she was the primary supervising attorney for this matter and is familiar with the services rendered and time expended in connection with this case. (Dkt. #18-1). Avant states that the billed rates are lower than the usual rates for her and her colleagues; she and Muckleroy typically bill $605

---

motion to remand." (Dkt. #15 at 9). Five Point's request properly encompasses fees for legal work incurred because of Benham's removal and Five Point's efforts to remand the case to state court, including transferring the case from the Beaumont Division to the Sherman Division of the Eastern District of Texas. (Dkt. #18, #18-2). Thus, Five Point's motion covers the authorized scope of work.

per hour and Flick typically bills $500 per hour.[2] (Dkt. #18 at 6); (Dkt. #18-1 at 5). In her opinion, the requested fees are reasonable considering the typical billing rates of attorneys in the Dallas area with similar qualifications and experience. (Dkt. #18-1 at 5).

Counsel's rates are consistent with prevailing market rates in the Dallas-Fort Worth legal community. *Natour v. Bank of Am., N.A.*, No. 4:21-CV-331, 2022 WL 3581396, at *3–4 (E.D. Tex. Aug. 19, 2022) (finding that a range of $385 to $425 per hour was a reasonable rate); *Tech Pharm. Servs.*, 298 F.Supp.3d at 906–07 (finding that a range of $450 to $860 per hour was a reasonable rate); *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, No. 3:16-CV-2355-G-BT, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (finding that a range of $537 to $862 per hour was a reasonable rate). Therefore, Five Point's requested rates are reasonable.

**2. Reasonableness of Requested Hours**

As the requesting party, Five Point "bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence." *Harrison v. Tyler Techs., Inc.*, No. 4:21–CV–607, 2024 WL 2338254, at *2 (E.D. Tex. May 22, 2024) (citing *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996)). Courts use these time records "as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented." *Id.*

---

[2] Five Point requests an upward fee adjustment, which is addressed below.

Five Point claims the following hours:

| Timekeeper | Hours |
|---|---|
| Matthew Muckleroy | 4.7 |
| Camille Avant | 18.6 |
| Dallas Flick | 7.1 |
| **TOTAL** | **30.4** |

Benham argues that Five Point's requested time is excessive for two reasons. (Dkt. #19 at 5). First, Five Point's staffing of the case was "inefficient and amplified the fees incurred." (Dkt. #19 at 5). And second, Five Point requested fees for duplicative work which reflects a lack of billing judgement. (Dkt. #19 at 5–6).

In reviewing the time entries, none appears to be duplicative or unnecessary. Given the nature of the motions and timeline, the Court does not see any impropriety in having three attorneys working together on this matter. Five Point states—and the record reflects—that Avant, Muckleroy, and Flick were all responsible for different tasks related to the removal to federal court and remand efforts. (Dkt. #20 at 4–5) (indicating that Avant served as primary counsel, Muckleroy "assisted in strategy development" and handled "client communications," and Flick "assist[ed] in crafting strategy and drafting, revising, and finalizing the Motion."). Benham also fails to point to any specific billing entries that are "duplicative." Instead, he argues that attorneys performing similar amounts of work on consecutive days "illustrate[s] the same tasks being performed." (Dkt. #19 at 6). The Court is unpersuaded. Therefore, the requested 30.4 hours are reasonable.

*   *   *

After multiplying the reasonable hourly rates by the number of hours, the Court calculates that the lodestar is $16,045.50.

**B. The Johnson Factors**

After calculating the lodestar, this Court "may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). However, because the lodestar is presumptively reasonable it should only be modified in "exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

> "The twelve Johnson factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases."

*CHU de Quebec*, 2023 WL 2746933, at *11 (citing *Johnson*, 488 F.2d at 717–19.)

Five Point argues that factors 7 and 8 warrant an upward adjustment of the lodestar. (Dkt. #18 at 5). Specifically, it contends that these factors support a rate adjustment to $605 for Avant and Muckleroy and $500 for Flick—their usual rates. (Dkt. #18 at 6); (Dkt. #20 at 5). Five Point also requests an additional $5,000 in anticipated costs to prepare the motion at issue and to "prepare for and attend any necessary hearings regarding the same." (Dkt. #18 at 5). For the reasons below, Five Point does not meet its burden to prove "that an [upward] enhancement is necessary."

7

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010).

There is a "strong presumption" that the lodestar method "yields a fee that is presumptively sufficient." *Id.* at 551. However, the Supreme Court has acknowledged that, in "rare circumstances" this presumption may be overcome if the lodestar "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 554. Fee applicants "seeking an enhancement must produce 'specific evidence' that supports the award." *Id.* at 553. Five Point does not offer any specific evidence demonstrating why "the time limitations imposed by Benham's removal" or "the results [Five Point] obtained" warrants a fee increase and is not accounted for in the lodestar. (Dkt. #20 at 5). Instead, Five Point states that because Benham "lacked an objectively reasonable basis for seeking removal" and Five Point sought "remand on an emergency basis" an upward adjustment is warranted. (Dkt. #18 at 6). This reasoning is unavailing. The requested fee adequately reflects the work performed by counsel, while not giving a "windfall[] to [the] attorneys." *Id.* at 552.

Finally, this Court will not award the anticipatory $5,000 in attorney's fees because Five Point has submitted no evidence, outside of Avant's declaration, demonstrating the reasonableness of this estimate, nor did it submit contemporaneous billing history for any work completed up to submission of its reply brief.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Defendant Five Point's Corrected Motion for Attorneys' Fees. (Dkt. #18). It is therefore **ORDERED** that Benham pay Defendants $16,045.50 in attorney's fees incurred in connection with the removal of this case.

It is further **ORDERED** that Defendants' first Motion for Attorneys' Fees, (Dkt. #17), is **DENIED as moot**.

**So ORDERED and SIGNED this 16th day of August, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE